UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HECTOR CID-BARRIOS,

                    Petitioner,                          Case Number 25-13630

v.                                                Honorable David M. Lawson

KEVIN RAYCRAFT, Director of Enforcement
and Removal Operations, Detroit Field Office,
U.S. Immigration and Customs Enforcement,
KRISTI NOEM, Secretary, U.S. Department
of Homeland Security, PAMELA BONDI,
U.S. Attorney General, and EXECUTICE OFFICE
FOR IMMIGRATION REVIEW,

                    Respondents.

_____/

## OPINION AND ORDER DISMISSING ORDER TO SHOW CAUSE AND TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

Petitioner Hector Cid-Barrios has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking his release from detention pending deportation. At the time he filed the petition Cid-Barrios was confined at the North Lake Processing Center in Baldwin, Michigan. The Court presumes that he remains so situated today. *See* ECF No. 5. Baldwin, Michigan is located in Lake County, which is situated within the Western District of Michigan. 28 U.S.C. § 102(b)(1). Because the general rule is that "a petition for habeas corpus under § 2241 [is to] be filed in the district court having jurisdiction over the petitioner's custodian," *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999); *see also* 28 U.S.C. § 2242 (suggesting that the application should be made "to the district court of the district in which the applicant is held"), this Court ordered the parties to show cause why this case should not be transferred to the Western District.

The parties have responded, and the Court received a brief from the American Civil Liberties Union as *amicus curia*. All parties agree that the proper respondent in the case of aliens

challenging their detention pending their removal from the country is the detainee's immediate custodian. Binding Sixth Circuit precedent dictates that for non-citizens challenging detention, the "District Director for [the immigration agency] is [the petitioner's] immediate custodian for habeas corpus purposes," and therefore he is the proper "respondent to his habeas petition." *Roman v. Ashcroft*, 340 F.3d 314, 321, 322 (6th Cir. 2003). The government contends that the Supreme Court's later decision in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), impliedly overruled *Roman*'s holding, but the Court believes the two decisions can be reconciled on that question. However, *Padilla* addressed a second question not discussed by the *Roman* court: where the petition must be filed. The answer plainly is where the petitioner is confined. *Id.* at 442-43 (observing that "the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement'"). Therefore, although Kevin Raycraft, who is the Director of Enforcement and Removal Operations for the Detroit Field Office for the U.S. Immigration and Customs Enforcement Agency — whose area of responsibility is all of Michigan and Ohio, *see* U.S. Department of Homeland Security, ICE Field Offices, https://www.ice.gov/contact/field-offices (last visited Dec. 20, 2025) — is the "immediate custodian" and the proper respondent to Cid-Barrios's petition, he must be sued in the Western District, which is the "district of confinement." Therefore, the Court will transfer the case to that district.

I

According to the petition, Hector Cid-Barrios is a citizen of Mexico who has been in immigration detention since approximately October 7, 2025. He has resided in the United States for more than twenty-five years. He has a domestic partner, and together they have four children between the ages of one and 14 years who were born in the United States. Cid-Barrios does not have a criminal history.

Cid-Barrios was taken into custody by ICE agents on October 7, 2025. He remains in custody, housed in the North Lake Processing Center in Baldwin, Michigan, a private detention center operated by the GEO Group under contract with the Department of Homeland Security. Cid-Barrios has submitted a Form I-601A provisional waiver application and intends to pursue lawful status and to remain in the United States. A person of his status traditionally was eligible for a bond hearing before an immigration judge under 8 U.S.C. § 1226(a). However, the government under the present administration views individuals like the petitioner as a recent arrival subject to mandatory detention under 8 U.S.C. § 1225(b)(2), without regard to the length of time they have been present in the country.

The petitioner requested a bond hearing before an immigration judge on October 14, 2025. No hearing has been scheduled. Believing that a new bond request would be futile, the petitioner filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2241. He names as respondents Kevin Raycraft, the acting director of ICE's Detroit Field Office; the Department of Homeland Security; its secretary; and the United States Attorney General. Among other things, Cid-Barrios asks the Court to order a prompt bond hearing before an immigration judge or to release him. The petition was served on the government, and the respondents have filed an opposition arguing that the Court does not have jurisdiction and that the claims raised are without merit.

II.

The Constitution has enshrined the "Privilege of the Writ of Habeas Corpus," U.S. Const., Art I, § 9, cl. 2, and guarantees that the Great Writ is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Section 2241, Title 28 confers upon the federal courts the power to issue writs of habeas corpus "within their respective

jurisdictions."  28 U.S.C. § 2241.  Non-citizens in immigration-related matters challenging non-discretionary decisions of the Attorney General may seek relief via this statute where their confinement violates the Constitution, laws, or treaties of the United States.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R.P. v. Trump*, 605 U.S. 91, 94-95 (2025).

The petitioner alleges that he presently is confined under the respondents' authority at the North Lake Processing Center in Baldwin, Michigan.  Baldwin, Michigan is located in Lake County, which falls within the Western District of Michigan. 28 U.S.C. § 102(b)(1).  Notably, the warden of that facility was not named as a respondent in the petition; instead, the petitioner has sued only officials of the Justice Department and Department of Homeland Security whom he says have authorized his detention.

Other courts in this district recently have addressed the threshold question whether a petition alleging unlawful detention by a non-citizen who is confined in a facility remote from the filing district are properly within the Court's territorial jurisdiction.  Some have interpreted Supreme Court precedent to hold that the only proper respondent to a petition seeking release from detention pending removal is the warden of the facility where the petitioner physically is detained, not federal officials whose "remote authority" authorized or instigated the detention.  *E.g.*, *Aguilar v. Dunbar*, No. 25-12831 (E.D. Mich. Nov. 13, 2025) (White, J.).  Other judges in this district have proceeded to adjudicate similar petitions on the merits, holding in favor of the petitioners and granting injunctive relief.  *E.g.*, *Hurtado-Medina v. Raycraft*, No. 25-13248, 2025 WL 3268896, at *5 (E.D. Mich. Nov. 24, 2025) (Leitman, J.).

Citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the government maintains that the Court does not have jurisdiction to entertain the petition due to the failure to name the proper respondent and the fact that the only proper respondent is remote from the district.  The petitioner and *amicus*

- 4 -

argue that the Court should follow the controlling holding of *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), where the Sixth Circuit held "that a detained alien generally must designate his immediate custodian — the INS District Director for the district where he is being detained — as the respondent to his habeas corpus petition," *id.* at 322, which they say remains good law and can be read in harmony with the Supreme Court's later decision in *Padilla*.

A.

Both *Padilla* and *Roman* adopted the "immediate custodian" rule for habeas corpus petitions filed under section 2241, *Padilla*, 542 U.S. at 435; *Roman*, 340 F.3d at 319-20, meaning that the petitioner should name as a respondent "the individual having day-to-day control over the facility in which [the alien] is being detained," *Roman*, 340 F.3d at 319. The *Padilla* Court did not determine categorically who that might be. But the *Roman* court explicitly held that in cases involving a detained non-citizen, the "immediate custodian" is "the INS District Director for the district where he is being detained," and it is that individual who is the proper "respondent to his habeas corpus petition." *Id.* at 322. The court reasoned that "although the warden of each detention facility technically has day-to-day control over alien detainees, the INS District Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners." *Id.* at 320.

That holding binds this Court under the rule of vertical *stare decisis*. *See Nat'l Republican Senatorial Comm. v. Fed. Election Comm'n*, 117 F.4th 389, 395 (6th Cir. 2024), *cert. granted,* 145 S. Ct. 2843 (2025) ("'[V]ertical *stare decisis* is absolute, as it must be in a hierarchical system.'") (quoting *Ramos v. Louisiana*, 590 U.S. 83, 124 n.5 (2020) (Kavanaugh, J., concurring in part)). The Court must follow it, "'unless [it has been] overruled or abrogated en banc or by the Supreme

Court.'"  *Smith v. Michigan Dep't of Corr.*, 159 F.4th 1067, 1076 (6th Cir. 2025) (quoting *Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019)).

The government contends that the holding in *Roman* is at odds with the Supreme Court's later decision in *Padilla*, where the Court held that for "habeas challenges to present physical confinement — 'core challenges' — the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Id.* at 435.  But that pronouncement did not upset *Roman*'s holding of who the proper respondent is.  Notably, both the Supreme Court in *Padilla* and the Sixth Circuit in *Roman* reached their respective holdings by applying the same basic principle: the immediate custodian rule.  *Roman* applied that principle both to exclude the Attorney General of the United States as a potential respondent to a habeas petition filed by a detained immigrant, *and to include the responsible INS District Director* as a proper party.  In a footnote in *Padilla*, the Supreme Court called out *Roman* as one of the decisions that had followed the majority approach applying the immediate custodian rule to exclude the Attorney General as a potential respondent for an immigration habeas challenge; and it did not question that determination.  *Padilla*, 542 U.S. at 436 n.8 ("In *Ahrens v. Clark*, 335 U.S. 188 (1948), we left open the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation. *The lower courts have divided on this question, with the majority applying the immediate custodian rule and holding that the Attorney General is not a proper respondent*.  Because the issue is not before us today, *we again decline to resolve it*.") (recognizing *Roman* among the prevailing majority; cleaned up; emphasis added).  Significantly, despite calling out *Roman* and declining to address the question presented in that case, the Supreme Court explicitly *did not* announce that it was passing on anything held by the majority of circuits that had split over the precise question

presented.  Moreover, the Supreme Court did expressly recognize *Roman* as having applied the same rule on which the Supreme Court relied in *Padilla*, and nothing in its reasoning or commentary suggested that *Roman* had in any way misapplied that rule.

So far as *Roman* and *Padilla* go, they stand for complementary principles that can be read harmoniously.  First, *Roman* held that the Attorney General is not a proper respondent to an immigration habeas petition, but the INS District Director (an officer whose role was replaced by the USCIS Field Office Director after the formation of the Department of Homeland Security) as the "immediate custodian" of a detainee is a proper party to such a proceeding.  Second, *Padilla* applied the same immediate custodian rule and held that the Secretary of Defense was not a proper respondent to a habeas petition where a foreign citizen challenged his detention in a military brig after he was classified by the President as an "enemy combatant," and instead the only proper respondent was the military commander of the detention facility.  Both cases addressed whether principal officers of similar stature (cabinet level heads of the Department of Justice and Department of Defense, respectively) could be named as respondents to habeas petitions by persons challenging their ongoing physical detention.  However, only one of the decisions (*Roman*) addressed the issue presently before the Court, namely, whether an immigrant detainee may challenge his detention by seeking a writ of habeas corpus in a proceeding brought against the responsible USCIS Field Office Director.

The *Roman* court reasoned that because the "'district directors have authority and responsibility to grant or deny various applications or petitions submitted to the [INS], to initiate any authorized proceeding in their district, and . . . to issue notices to appear in removal proceedings,'" they have the authority to "oversee the confinement of aliens in all three kinds of INS detention facilities."  *Roman*, 340 F.3d at 320 (citations omitted).  The court found that the

wardens and administrators of those facilities "are considered agents of the INS District Director" who could not exercise "power over detained aliens," leading to the holding that "[w]hatever daily control state and local governments have over federal INS detainees, they have that control solely pursuant to the direction of the INS." *Ibid.*; *but see Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006) (concluding that a determination that a District Director is an immediate custodian "'conflate[s] the person responsible for authorizing custody with the person responsible for maintaining custody'" (quoting *al-Marri v. Rumsfeld,* 360 F.3d 707, 711 (7th Cir. 2004)). *Roman*'s reasoning applies with equal or greater force to the administrators of contract detention facilities. *See Henderson v. I.N.S.*, 157 F.3d 106, 122 (2d Cir. 1998) (finding that "the INS District Director . . . exercises primary custody over [non-citizens challenging detention]", and "exercises primary custody over them"; and stating that the *government* argued that the District Director was "the *only* appropriate respondent to a habeas petition brought by [detained non-citizens]") (emphasis added). The holding in *Roman* was not implicitly or explicitly reversed by the Supreme Court, which called out *Roman* as one among a majority of circuits that had adopted a legal rule which it explicitly declined to review. It is undisputed that the Sixth Circuit has not revisited the question since *Roman* was decided, so *Roman*'s holding has not been compromised by any intervening controlling law. This Court is bound to follow the holding in that case. *Nat'l Republican Senatorial Comm.*, 117 F.4th at 395.

Kevin Raycraft, the Acting Director of Enforcement and Removal Operations for the USCIS Detroit Field Office, and not the administrator of the contract detention facility in Lake County, is the proper respondent to be named in a habeas corpus petition filed by a non-citizen challenging his detention under section 2241.

B.

In addition to identifying the proper respondent for a habeas corpus petition under section 2241, the *Padilla* Court also addressed a second question: where the petition must be filed. *Padilla*, 542 U.S. at 434 (stating that the question of a district court's jurisdiction over a "habeas petition breaks down into two related subquestions. First, who is the proper respondent to that petition? And second, does the [district court where the petition was filed] have jurisdiction over him or her?"); *id.* at 451 (Kennedy, J., concurring) ("The Court's analysis relies on two rules. First, the habeas action must be brought against the immediate custodian. Second, when an action is brought in the district court, it must be filed in the district court whose territorial jurisdiction includes the place where the custodian is located."). The *Roman* court did not speak to the second question.

The *Padilla* Court did, though. It stated that "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Court observed that its earlier cases "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Ibid.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). One might conclude from that latter statement that because this Court has personal jurisdiction over respondent Raycraft in Detroit, the petition is entertained properly in this district.

However, the *Padilla* Court had more to say on this point. It pointed out that "with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" *Ibid.* (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The Court acknowledged that there are exceptions to that rule, but all of them are statutorily created. *Id.* at 442-43. And its reasoning

- 9 -

led to the conclusion that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

Some courts view this rule conceptually as a venue question. *See Padilla*, 542 U.S. at 451 (Kennedy, J., concurring) ("In my view, the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue.") (citing cases where habeas petitions were entertained outside the district of confinement). But the *Padilla* majority discussed the issue in jurisdictional terms, that is, determining the proper court with the authority to adjudicate these petitions. The Court was not relying on either subject matter or personal jurisdiction. Rather, its decision on this question embraced the concept of *territorial* jurisdiction. *Id.* at 444. Territorial jurisdiction is "[j]urisdiction over cases arising in or involving persons residing within a defined territory." Black's Law Dictionary (12th ed. 2024). The majority was emphatic in its declaration that both historically and currently, "[i]n habeas challenges to *present* physical confinement, . . . the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent." *Id.* at 444.

It has been observed that the term "jurisdiction" is susceptible to a variety of meanings, not all of which refer to the authority of the courts to adjudicate cases. *E.g.*, *Kontrick v. Ryan,* 540 U.S. 443, 454 (2004) ("'Jurisdiction,' the Court has aptly observed, 'is a word of many, too many, meanings.'") (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 90 (1998)). With reference to section 2241, "[t]he phrase 'respective jurisdictions' does establish a territorial restriction on the proper forum for habeas petitions, but does not of necessity establish that the limitation goes to the power of the court to hear the case." *Padilla*, 542 U.S. at 452 (Kennedy, J., concurring). However, whether the concept of "territorial jurisdiction" invokes a limit on the district court's authority to adjudicate a case, or is instead a mandatory claims-processing rule, it

must be honored. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'") (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017)).

Cid-Barrios is confined in a facility in Michigan's Western District. The district court in that district has *personal* jurisdiction over respondent Raycraft, who is the petitioner's immediate custodian according to *Roman*. *See, e.g.*, *Multani v. Noem*, No. 25-1513, 2025 WL 3550608, at *8 (W.D. Mich. Dec. 11, 2025). Allowing the petitioner to proceed with his habeas petition in this district would contravene the dictates of *Padilla* in two respects: it would require the Court to issue a writ to produce a detainee outside the district of confinement; and it would trench upon the concept that "jurisdiction" to issue the writ "lies in only one district." *Padilla*, 542 U.S. at 443. Although federal courts in both Michigan districts (not to mention the federal courts in Ohio) would have jurisdiction over the ICE regional director, the district courts in both the Eastern and Western Districts cannot have concurrent jurisdiction over a non-citizen detainee confined in the Lake County facility without violating the "one district" rule laid down in *Padilla*.

Although regional director Raycraft is the proper respondent in this case, the only proper district in which to bring a habeas corpus petition against him is the Western District of Michigan.

### C.

When a case is filed in a district where there is a "want of jurisdiction," the court "shall" transfer it to another court "in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Exceptions to this general directive that would lead to the dismissal of the case are found when "no permissible federal court would have jurisdiction over the action," or when the transfer "'would not be in the interest of justice.'" *Roman*, 340 F.3d at 328 (quoting 28 U.S.C. § 1631). Neither exception exists here. The district court in the Western District of

Michigan has territorial jurisdiction over the petitioner and the respondents. And Cid-Barrios has filed a meritorious petition that deserves prompt adjudication, likely pointing to a bond hearing in the immigration court. *See Multani*, 2025 WL 3550608, at *4-8. Transfer is the appropriate procedure when the original court identifies "any jurisdictional defect, regardless of whether it involves personal or subject matter jurisdiction." *Roman*, 340 F.3d at 328.

III.

Although the petitioner properly named the ICE Acting District Director as a respondent to his habeas corpus petition, because he is confined within the territory of Michigan's Western District, he should have filed the petition in that court. Transfer of the petition is the appropriate procedure to address that misstep.

Accordingly, it is **ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the United States District Court for the Western District of Michigan.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 24, 2025